

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. O-6592
Re: Disposition of money collected
by county clerk for keeping
office open after regular hours
to allow examination of deed
records.

    We have received your recent request for an opinion and quote same as follows:

    "For several years, it has been the practice of the County Clerk of this county to keep the office open after 5 o'clock in the evening, on Saturday afternoon and Sunday for various oil companies, who have been anxious to have access to the deed records after hours in order to complete investigations of titles, so that lease blocks could be complied.

    "For this service, the oil companies have paid sums, which I understand to be approximately two ($2) dollars per hour to the County Clerk. He has maintained a Deputy on duty during these extra hours and has paid this Deputy generally one ($1) dollar per hour. He has retained for his personal use the sum of one ($1) dollar per hour. None of this money has come into the hands of the County, and actually the County has not had anything to do with the arrangements.

    "Recently there has been some discussion as to the legality of the matter and a recent Grand Jury requested that it be investigated by the responsible heads of the County and a determination made as to whether or not this money constitutes fees of office and should be turned over to the County.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. F. McKee, Page 2

"Obviously, it is a benefit to have the office kept open for these companies, since it enables the oil companies to prepare for mineral developement, and likewise, it is obvious that the Clerk is not bound to keep the office open at nights and on Sunday.

"We have not previously gone into the matter because we assumed that under these circumstances, the County would have no control and would not be entitled to the money, however, in view of some discussion, it appears that we might be in error and that the County might be entitled to this money.

"We would like to know if under these circumstances, the payment by the oil companies for keeping office open on other than usual office hours is a fee of office, and therefore, the Clerk is accountable to the County for same, or if it is the money of the County Clerk and the Deputy."

The population of Hidalgo County is 106,059 inhabitants according to the 1940 Federal Census. Consequently said county operates under the salary system in regard to its county offices.

Article 1945, R. C. S. 1925, provides as follows:

"The clerk shall keep such other dockets, books and indexes as may be required by law; and all books, records and filed papers belonging to the office of county clerks shall at all reasonable times be open to the inspection and examination of any citizen, who shall have the right to make copies of the same."

From the foregoing quoted statute we see that the county clerk is charged with the duty of keeping his office open only "at all reasonable times". For the purpose of this opinion, it is not necessary for us to consider whether keeping of the county clerk's office open at the times stated in the request meets the requirement of the statutes.

Honorable B. F. McKee, Page 3

Article 3904, R. C. S. 1925, provides as follows:

"No clerk or justice of the peace shall be entitled to any fee for the examination of any paper or record in his office, nor for filing any process or paper issued by him and returned into court, nor for motions or judgments upon motions for security for costs, nor for taking and approving a bond for costs. A judgment containing several orders shall be considered as one judgment, and only one fee shall be charged by said clerk or justice for entering or rendering the same."

The next above quoted statute prohibits the charging of any fee for the examination of any record of said Clerk's office. This restriction is applicable whether during office hours or at other times.

In the case of Nueces County v. Currington et al., 162 S. W. (2) 687, the Supreme Court of Texas in its opinion said the following:

". . . a fee paid a public officer for the performance of a duty enjoined by statute is a fee collected in an official capacity. It is equally true that unless a fee is provided by law for an official service required to be performed and the amount thereof fixed by law, none can lawfully be charged therefor. . . . It does not follow however that a county whose official collects a fee wrongfully, but under color of office, is not entitled to have same deposited and paid over in the same manner as is required for disposition of fees rightfully collected. . . ."

The keeping of the county clerk's office open so that the records thereof may be inspected and examined at all reasonable times is a duty enjoined by statute, but it is not the duty of the clerk to keep same open after his regular reasonable office hours. Furthermore, not only is there no fee provided by law for such services, either during office hours or after office hours, but it is expressly provided that the clerk shall not be entitled to any fee for the examination of said records.

862

Honorable B. F. McKee, Page 4

It is apparent that the real purpose for which the county clerk was paid was to permit an examination of the records in his office. This being so, we believe that any fee collected by the clerk for the examination of the records of his office, whether during office hours or after office hours, would be collected under color of office and, although wrongfully collected by him, it would be his duty to account for and pay same into the county treasury for the benefit of the Officer Salary Fund.

Trusting the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr.

Robert L. Lattimore, Jr.
Assistant

RLL:mp

APPROVED FEB 22 1949

APPROVED OPINION COMMITTEE BY BWB